UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIFFANY C. QUILLENS | CIVIL ACTION |
| VERSUS | NO: 13-4789 |
| SOCIAL SECURITY ADMINISTRATION | SECTION: "A" (4) |

### ORDER

Before the Court is a **Motion for Attorney Fees under Equal Access to Justice Act (Rec. Doc. 28)** filed by Tiffany C. Quillens. Defendant Social Security Administration opposes the motion. **IT IS HEREBY ORDERED** that the Motion for Attorney Fees is **GRANTED**.

Plaintiff seeks an award of attorney's fees pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 2412(d). Defendant opposes the motion on untimeliness grounds. Defendant argues that the application was filed beyond the ninety-day deadline for filing based on a final judgment date of January 28, 2015. Alternatively, Defendant argues that Plaintiff filed the application prematurely, as the January judgment was not entered as a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. Defendant does, however, find Plaintiff's requested amount of attorney's fees reasonable.

Under 28 U.S.C. § 2412(d)(1)(B), a party seeking an award of attorney's fees must file an application within thirty days of final judgment in the action. As both parties here point out, however, the United States Supreme Court held in *Shalala v. Schaefer* that the thirty days do not begin to run until the end of the period allowed for appeal, and this period does not begin until a judgment is entered in compliance with FRCP 58. 509 U.S. 292, 302–03 (1993). FRCP 58 requires that every judgment be set out in a "separate document," with few exceptions that do not apply here. FED. R. CIV. PRO. 58. When a judgment is not set out in compliance with this requirement, the judgment becomes final 150 days after entry into the civil docket. *Id.*

The parties here both assert that the January judgment did not comply with Rule 58, which means that the judgment here became final 150 days after entry into the civil docket—on June 29, 2015. The parties agree that the sixty-day period for appeal then ran until August 28, 2015. Thus, Plaintiff has thirty days from this date to apply for attorney's fees. Because Plaintiff filed its application on July 28, 2015, before the time for appeal had run, Plaintiff's motion was premature.

When an application is filed after a court enters a judgment but before the time to appeal has lapsed, as in this case, the court may either decide that the application is sufficient or require the petitioner to reapply. *Melkonyan v. Sullivan*, 501 U.S. 89, 103 (1991). Despite Plaintiff's premature filing here, the Court finds that the application is sufficient, especially in light of Defendant's assertion that Plaintiff's counsel's attorney's fees are reasonable. Since the appeal period has ended and it appears that no appeal has been filed, the Court hereby rules on Plaintiff's motion.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney Fees is **GRANTED**.

September 23, 2015

_____
United States District Judge